## JUNE TERM 1896.

HENRY A. KROLIK ET AL. v. A. C. MAXWELL, CIRCUIT JUDGE OF BAY COUNTY.

INJUNCTION—AT SUIT OF ATTACHING CREDITORS—TO RESTRAIN FORECLOSURE OF CHATTEL MORTGAGES ON ATTACHED PROPERTY.

Relators applied for *mandamus* to compel the respondent to dissolve an injunction issued at the suit of an attaching creditor to restrain the foreclosure of certain chattel mortgages held by the defendants on the attached property, the amount of which had been tendered by the complainant to defendants and an assignment of the mortgages demanded. An order to show cause was granted, and on the hearing had June 30, 1896, on petition and answer a writ of *mandamus* was issued.

*Sloman, Grosbeck & Robinson,* for relators, contended:

1. That courts of equity will not grant an injunction in aid of an attachment of personalty; citing *Rollins v. Van Baalen,* 56 Mich. 610, 615; nor in aid of a levy by execution upon personalty; citing *Stoddard v. McLane,* 56 Mich. 11; nor to restrain the collection of a tax upon personalty where complainant has an adequate remedy at law, even though fraud is charged on the part of supervisor in making the assessment; citing *Hagenbuch v. Howard,* 34 Mich. 1.

2. That the injunction if retained will operate to restrain the replevin proceedings, and will amount to an interference by the circuit court of Bay county with the process of the Sanilac circuit court; citing *Barnum Wire & Iron Works v. Speed,* 59 Mich. 272.

3. That complainant's attachment lien will be fully protected in the replevin suit; that she has a complete and adequate remedy at law, but the relators are entirely without protection on account of the injunction.

4. That the defendant in the attachment suit is not made a party defendant; that while the bill alleges that he is irresponsible it does not allege that the defendants are, and the answer shows them to be fully responsible.

5. That the answer completely meets the equity of the bill, and sets forth facts and circumstances which support the

claim that if the facts as they exist had been fairly alleged the injunction would not have been granted.

*Frank S. Pratt (J. W. McMath,* of counsel), for respondent, contended:

1. That all of the substantial allegations in the bill are either admitted or not denied by the answer.

2. That the answer sets up as new matter and in avoidance of the case made in the bill the seizure by relators under a writ of replevin of the attached property, the knowledge of complainant of that fact when she filed her bill, and that the injunction was really issued to restrain a suit at law; that all knowledge on the part of complainant of the issuance of said writ of replevin is denied by the affidavits attached to the answer of the respondent to the order to show cause why the *mandamus* should not be issued; that the answer of defendant does not aver that any demand of possession was made before the issuance of said writ of replevin, nor does it show that the writ was sued out by relators as the owners of the two chattel mortgages to obtain possession of the goods as such owners; that relators had no right of possession by virtue of their interest in the trust mortgage, even assuming it to be valid.

3. That all of the averments of new matter in the answer were irrelevant, and could not be read in evidence on the motion to dissolve; citing Hill. Inj. p. 100, and cases cited; that a replication had been filed; that such new matter may or may not be proved at the hearing; that the answer itself is not evidence, nor can the truth of such averments be determined conclusively on affidavits; that the attachment was made on the presumption that the two chattel mortgages were valid prior liens, but that the trust mortgage was wholly void; that the bill was filed on the same theory; that this does no injury to relators.

That the answer of the defendants, to further show bad faith on the part of complainant in filing her bill, sets up that when Lena Shulman assigned her claim under the trust mortgage to complainant, complainant knew of the former assignment of said mortgage to relators, and agreed to dismiss the attachment suit; that all of these charges are denied and explained by the affidavits attached to respondent's answer which show that no such assignment and agreement were perfected or acted upon; that the arrangement of complainant to take said assignment was in no way a recognition of the validity of the trust mortgage by which it purported to be secured nor would it have been had the arrangement been completed and acted upon.

5. That it appeared to the court on the hearing of the motion to dissolve that if the injunction was not held until the hearing the complainant could not obtain the relief sought by her even if all of the new matters set forth in the answer by way of avoidance should thereafter be shown to be wholly false; that no decree which the court could make could give complainant the relief prayed for because there would then be no chattel mortgages in existence, but the same would have been foreclosed; that it was therefore for this reason alone quite proper and clearly within the discretion of the respondent to deny the motion to dissolve.

6. That the respondent did not err in considering said affidavits for the purpose mentioned in his answer and hereinbefore set forth; that being thus before him the affidavits were as good evidence for any purpose as were the irrelevant matters in avoidance set up in the answer.

7. That relators were entitled to the money due on their two chattel mortgages, but declined to receive it, and insisted on the possession of the goods covered by said mortgages, and brought replevin for the same the day after their money was tendered to them; that this they could not do, for the title to the mortgages in equity had passed to complainant; that relators had no right to the possession of the property on any other claim so far as appears; that if the interest of relators under the trust mortgage is or shall be in any way injured by the attachment proceedings they have an ample remedy at law.

8. That in support of his decision refusing to dissolve the injunction respondent relied upon the following propositions and authorities:

*a*—An execution or attachment creditor upon payment of a prior chattel mortgage is entitled to be subrogated to the rights of the mortgagee; citing *Lucking v. Wesson,* 25 Mich. 443; *Shutes v. Woodard,* 57 Id. 213-215; *Warner v. Littlefield,* 89 Id. 329, 340.

*b*—An injunction will not be dissolved on an answer admitting the equity of the bill, and setting up new matter as a defense; citing *Attorney General v. Bank,* Walk. Ch. 90; Hill. Inj. p. 100, sec. 55, and cases cited.

*c*—The new matters set up in the answer in avoidance of the case made in the bill, could not be read as evidence

on the motion to dissolve the injunction; citing *Schwarz v. Wendell*, Walk. Ch. 267, 296; *Van Dyke v. Davis*, 2 Mich. 145; *Hunt v. Thorn*, Id. 213; *Hart v. Carpenter*, 36 Id. 402.

The facts as set forth in the petition and answer were:

1. That on May 16, 1896, one Mary B. Miller filed a bill in the circuit court for Bay county in chancery, in which she alleged:

*a*—That on April 23, 1896, a writ of attachment was issued at the suit of complainant out from the circuit court of Sanilac county, and levied upon the stock of goods of one Isaac Shulman of the same county; that said levy was made subject to the lien of two chattel mortgages then owned and held by relators as assignees; that said attached property was appraised at the sum of $3,500; that on May 13, 1896, complainant tendered to relators the amount owing and unpaid on said mortgages, and demanded an assignment of the same; that relators refused to receive the money or to execute the assignment, whereupon complainant informed relators that the money would be kept on hand ready to be paid to them on receipt of said assignment. ,

*b*—That it would be several months before complainant, in due course of law, could obtain a judgment on her claim against Shulman and bring said goods to a sale under an execution issued thereon; that in the mean time, as she had reason to believe and fear, and did verily believe, the relators would take said goods from the possession of the sheriff under said chattel mortgages, and proceed to foreclose the same; that said goods would in a few days be brought to sale under said foreclosure; that, if so, complainant might and doubtless would be compelled, in order to protect her said lien, to bid off said goods for a larger sum than that due on the mortgages; that complainant had reason to believe and fear and did believe and fear that relators might sell and assign said mortgages to some other person, who would proceed to foreclose the same; that should this be done com-

plainant would be in danger of loss and damage, and otherwise be put to great expense; that relators had threatened to proceed to such foreclosure, and complainant believed they would do so unless restrained by the court.

That complainant in said bill prayed:

*a*—That relators might show cause why complainant should not, on paying to them the amount due and unpaid on said chattel mortgages, be decreed to have from them a full assignment of said mortgages, together with the possession of the same and of the accompanying notes, and be in all things subrogated to their rights thereunder.

*b*—That relators might be enjoined from taking possession of or intermeddling with said goods, and from foreclosing or attempting to foreclose said mortgages, and from selling, assigning, or in any way disposing of the same, all until the further order of the court.

2. That on May 16, 1896, an injunction was issued as prayed, and served upon relators, who were the sole defendants in said bill.

3. That in their answer to said bill relators admitted the issuance and levy of said writ of attachment, the execution and assignment to them of said chattel mortgages, and the priority of their lien thereunder to the attachment lien; that relators left complainant to her proofs as to the appraisal of the attached property and the amount of such appraisal; also as to the existence of the indebtedness to collect which the writ of attachment was issued; that they denied that by reason of said levy complainant obtained and then held a valid lien, subject to relators' chattel mortgages, on the mortgaged property; that they neither admitted nor denied the insolvency of the mortgagor as alleged in said bill, but averred that however this might be relators were people of large financial means, which fact afforded ample protection to complainant against any loss or damages in the premises; that they denied the right of complainant to tender or pay to them the amount of the two chattel mort-

gages, and be subrogated to their rights thereunder, for the reasons set forth in their answer; that they denied that any such tender as the law requires had been made, or under such circumstances as imposed upon them the duty of accepting the pretended tender.

That relators, for further answer to said bill, averred:

*a*—That prior to the issuance of said writ of attachment, and subsequent to the making of the two chattel mortgages, the mortgagor executed a third mortgage for $7,000 upon the same property to Lena Shulman in trust for herself and his other creditors, including relators and complainant, whose claims, as listed in said mortgage, were $552 and $2,110, respectively; that relators accepted said mortgage as a valid security to them respectively for said claims.

[A copy of said trust mortgage was attached to and made a part of said answer, from which it appears that said mortgage was in the usual form, and as to form and substance conformed to the decisions involving the validity of such trust securities; that it contained the usual insecurity clause, and authorized the mortgagee, on default of payment of the mortgage debt, which was all to become due in case of a failure for two days after the maturity and demand for payment of any sum secured by said mortgage, to take possession of the mortgaged property, and sell the same, either at public or private sale; that in case of a sale the mortgagee was, after paying the expenses incident to the performance of her trust, and herself a reasonable compensation for her services, to pay from the residue two preferred claims specified in said mortgage, and then pay the remaining claims secured by the mortgage in full, or if the remaining moneys were insufficient for that purpose to pay said claims *pro rata*, and if any surplus remained it was to be returned to the mortgor or his assigns or representatives. EDITOR.]

*b*—That after giving said trust mortgage the mortgagor, for the purpose of continuing his business, desired of relators further advances and the assumption by them of a debt due from the mortgagor; that for the purpose of inducing relators to make said advances and assume said debt, and to further secure their claim already secured by said trust mortgage, and shortly after its execution, and nine weeks before the levy of said attachment, the said Lena Shulman assigned to relators her claim of $3,987.50 secured under said trust mortgage, together with her right, title, and interest in said mortgage, all of which facts were well known to complainant at or about the time of the making of said assignment; that the amount due relators on account of such advances is $520.04, and on account of said debt $142.50.

*c*—That since the making of said assignment the complainant, for the purpose of obtaining for herself the benefit of any sum due said Lena Shulman in excess of the claims of relators, had procured from her an assignment of her interest in said trust mortgage, a copy of which assignment was set forth in the answer; that said assignment was made in pursuance of an agreement between complainant and Isaac Shulman for the discharge, in consideration of certain payments to be made by said Shulman to said complainant, of said attachment suit.

*d*—That on May 14, 1896, and prior to the filing of complainant's bill, relators replevied said attached property from the sheriff of Sanilac county, who held the same under said attachment; that within the time required by law relators delivered to the coroner of said county a bond with sufficient sureties in the sum of $10,000; that said coroner, by reason of said injunction, has refused and still refuses to deliver to relators said goods and chattels.

*e*—That complainant had knowledge when she filed her bill that relators had taken out said writ of replevin, and were about to come into possession of said property; that, as relators are informed and believe, complainant refrained from alleging said facts in her bill so as to avoid the necessity of giving a bond to protect relators in the premises.

*f*—That a large proportion of the mortgaged goods consists of perishable articles, such as butter, eggs, produce, and other goods of like kind, which, by reason of being tied up by injunction, have already in part become spoiled, and will no doubt, before a motion for the dissolution of said injunction can be heard, be rendered nearly worthless.

*g*—That relators are informed and believe, and so charge the fact to be, that complainant is a person of little financial responsibility.

*h*—That the policies of insurance upon said goods have, by reason of the bringing of said several suits, been rendered void; that relators, by reason of the premises, are liable to lose their entire security, and suffer several thousand dollars damages.

*i*—That relators have never refused any valid tender by complainant of the amount of the two chattel mortgages so assigned to them as aforesaid; that they purchased said .mortgages to protect their rights under the trust mortgage, and are entitled, not only to the amount due them on said assigned mortgages, but also on said trust mortgage, which latter sum relators have not offered to pay, but purposely refused so to do or any part thereof.

4. That respondent in his answer denied that the motion to dissolve the injunction was heard by him solely upon said bill and answer, but averred that leave was granted to complainant to file affidavits, copies of which were attached to said answer, denying such portions of defendants' answer as contained new matter by way of avoidance.

[Said affidavits, in effect, denied all knowledge on the part of complainant or her agents at the time she agreed to discontinue the attachment suit of the assignment by Lena Shulman to relators of her interest in said trust mortgage, and averred that the principal inducement for said agreement was the assignment to complainant by said Lena Shulman of her interest in said trust mortgage; that said Isaac Shulman though present failed to inform complainant of the prior assignment to relators; that when complainant discovered the same she declined to dismiss said attachment suit; that at the time she filed her bill, complainant had no knowledge of the commencement of said replevin suit. EDITOR.]